FILED
SUPERIOR COURT
OF GUAM

2013 DEC -6 A 11: 40

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                        )
                                       )       CASE NO. CF0630-09
                                       )
            v.                         )
                                       )       **DECISION AND ORDER**
                                       )       **ON MOTION TO EXCLUDE**
                                       )       **FINGERPRINT EVIDENCE**
ERWIN SCOTT MARIANO,                   )
                                       )
                Defendant.             )
                                       )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 17, 2013 on Defendant's Motion to exclude fingerprint evidence. Assistant Attorney General Gabrielle Rossi represented the People of Guam. Defendant Erwin Scott Mariano was represented by Attorney Richard Dirkx. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On July 25, 2013, Defendant Mariano filed his motion to exclude fingerprint evidence. In the motion, Defendant argues that fingerprint evidence lacks the reliability called for under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). He bases his argument on a report issued by the National Academy of Sciences in 2009.[1]

On August 27, 2013, the People filed their Opposition to the motion. They contend the NAS Report is not an invalidation of fingerprinting as a science and that this issue has been already addressed by the Circuit Courts.

---

[1] Nat'l Research Council, *Strengthening Forensic Science in the United States: A Path Forward* (2009).

On September 12, 2013, Defendant filed his Reply. In it, he now characterizes the issue as one of mandatory disclosure with a <u>Daubert</u> Hearing sought in the alternative. Defendant states he has received nothing in the way of fingerprint evidence for his own expert to analyze. This stance was reiterated during the motion hearing on September 17, 2013. For the reasons set forth below, this Court shall deny the motion.

## DISCUSSION

As the People correctly summarized at the motion hearing, the Defendant really raises two issues before this Court. In his motion, Defendant challenges the very reliability of the fingerprinting techniques purportedly utilized by the crime lab technicians in this case. In his reply, Defendant raises the issue of a lack of disclosed fingerprint evidence.

## I. <u>Admissibility of Fingerprint Evidence.</u>

The trial judge must determine at the outset whether an expert is proposing to testify to 1) scientific knowledge that 2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. <u>Daubert</u>, 509 U.S. 579, 592-593.

In <u>Daubert</u>, the Supreme Court of the United States issued four factors which touch on the reliability, and thus admissibility, of scientific evidence: 1) whether the theory or technique can be and has been tested; 2) whether the technique has been subject to peer review and publication; 3) the technique's known or potential rate of error and the existence and maintenance of standards controlling its operation; and 4) the level of the theory or technique's acceptance within the relevant discipline. <u>Daubert</u>, 509 U.S. 579, 593-594.

Defendant's motion launches an all-out attack on the reliability of the fingerprint techniques used in this case as well as fingerprinting in general. He asks this Court for a full <u>Daubert</u> hearing on the scientific merit behind

fingerprinting to ascertain whether it can be properly admitted into evidence against him.

"Fingerprint identification has been admissible as reliable evidence in criminal trials in this country since at least 1911." U.S. v. Crisp, 324 F.3d 261, 266 (4th Cir. 2003). In the post-Daubert era, the circuit courts have found fingerprint identifications admissible. See United States v. Hernandez, 299 F.3d 984 (8th Cir. 2002); see also United States v. Havvard, 260 F.3d 597 (7th Cir. 2001); United States v. Sherwood, 98 F.3d 402 (9th Cir. 1996). While each of the cases cited here pre-date the NAS report cited by Defendant, that report has been analyzed in context with the issues found here.

As the Supreme Court of Florida noted in Johnston v. State, 27 So.3d 11, 21 (Fla. 2010), the NAS committee tasked with issuing the report wrote, "The committee decided early in its work that it would not be feasible to develop a detailed evaluation of each discipline in terms of its scientific underpinning, level of development, and ability to provide evidence to address the major types of questions raised in criminal prosecutions and civil litigation." Thus, the Florida Supreme Court agreed with the lower Court in concluding, "[t]he report ... is merely a new or updated discussion of issues regarding developments in forensic testing." Id.

This Court is disinclined to take the drastic step of finding fingerprint identification, a technique with such a long history of reliability in the scientific and legal realms, to be inadmissible as unreliable in the wake of this call for an updated discussion on forensic analysis. Furthermore, the Court concludes that in light of fingerprint analysis' repeated challenges and affirmations throughout the United States and its Circuit Courts, there is no need for a full Daubert hearing on the issue.

## II. People's Disclosure of Fingerprint Evidence to Defendant.

In his Reply, Defendant points out that there has been numerous requests for disclosure and subpoenas *duces tecum* issued in this case, which is also reflected in the Court's record. As was his contention in the Reply and at the motion hearing, Defendant states he has no fingerprint evidence turned over to him and that there

is nothing for the Defense expert to examine. Defense Counsel pointed out that in the past, certain types of notes or documents would normally be given, but are absent here. However, at the motion hearing, Assistant Attorney General Rossi made clear that she has already turned over the evidence she has been given in this matter including the scanned latent print images of the fingerprint collected at the scene.

The People have the continuing obligation to disclose and make available for independent analysis the evidence to be used against Defendant. The Assistant Attorney General assigned to this case has represented that she has already made available all the evidence she has. Defendant's dissatisfaction with what has been presented to him differs greatly from the representation he makes in saying he has received no evidence. Without more, there is nothing for this Court to do on the matter other than to reiterate the People's duties and obligations pertaining to this issue.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Exclude is hereby **DENIED**. A Criminal Trial Setting is set for January 31, 2014 at 2:00 p.m.

It is **SO ORDERED** this 6th day of December, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

DEC - 6 2013

-4-